**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Indalecio Castro-Ponce,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-17-01014-PHX-SRB<br>No. CR-12-01363-PHX-SRB<br><br>**ORDER** |

The Court now considers Movant Indalecio Castro-Ponce's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) ("Mot."), as well as his Request for an Evidentiary Hearing (Doc. 21) ("Reply").

The matter was referred to Magistrate Judge John Z. Boyle for a Report and Recommendation. The Magistrate Judge filed his Report and Recommendation on September 25, 2018, recommending that Movant's Motion be denied. (*See* Doc. 24, R. & R.) He further recommended denying a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right. (*Id.*) Movant filed his Objections to the Report and Recommendation ("Objections") on November 7, 2018. (Doc. 28, Obj. to R. & R.) Having reviewed the record de novo, the Court overrules Movant's Objections, adopts the Report and Recommendation, and denies the Motion.

**I.  BACKGROUND**

The background of this case was summarized in the Report and Recommendation and is incorporated herein:

**A. Trial Verdict and Sentencing.**

On July 24, 2012, a federal grand jury in the District of Arizona charged [Movant] with one count of Conspiracy to Possess with Intent to Distribute more than 500 grams of Methamphetamine in violation of 21 U.S.C. § 846 (Count One), two counts of Possession with Intent to Distribute more than 500 grams of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (Counts Two and Three), and one count of Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h) (Count Four). (CR Doc. 17.)[1] On April 12, 2013, a jury found Movant guilty of Counts One, Two, and Three, and not guilty of Count Four. (CR Doc. 122.) On July 11, 2013, [Movant] was sentenced to 240 months' imprisonment. (CR Doc. 31.)

**B. Movant's First Appeal.**

On October 24, 2014, Movant's convictions were affirmed. *See United States v. Castro-Ponce*, 585 F. App'x 576, 577 (9th Cir. 2014). The Court found that "ample evidence of his involvement in a distribution conspiracy permits a rational jury to infer that Castro-Ponce either actually possessed the drugs that were found, or participated in a joint venture in which he shared authority to exercise dominion and control over the drugs." *Id.* The Court affirmed the finding that Movant was an organizer or leader of the conspiracy because "the government introduced specific evidence from its wiretaps that Castro-Ponce relayed instructions to his son, directed him to collect proceeds, and told his wife to tell his son to collect proceeds." *Id.* at 578. Also on October 24, 2014, in a separate published opinion, the Court found that a sentencing enhancement for obstruction of justice required findings that Movant gave "false testimony" that "were willful and material to the criminal charges." *United States v. Castro-Ponce*, 770 F.3d 819, 823 (9th Cir. 2014). Movant's sentences were vacated and remanded for resentencing. *Id.*

**C. Resentencing.**

On March 30, 2015, the Court resentenced Movant to 216 months of imprisonment on Counts One through Three with five years of supervised release to follow. (CR Doc. 248.)

**D. Second Appeal.**

On February 29, 2016, Movant's sentences were affirmed. *See United States v. Castro-Ponce*, 637 F. App'x 428 (9th Cir. 2016). On March 23, 2016, the mandate issued. (CR Doc. 274.)

(R. & R. at 2–3.)

Movant filed his Motion and Memorandum of Points and Authorities in Support of

---

[1] The documents in the underlying criminal matter are referred to as "CRDoc."

Motion ("Memorandum") alleging two grounds of ineffective assistance of counsel on April 5, 2017. (Mot. at 5–6; Doc. 2, Mem. of Points and Authorities in Supp. of Mot. to Vacate, Set Aside or Correct Sentence Under § 2255 ("Mem.") at 2–3.) Respondent, the Government, filed its Response on December 1, 2017. (Doc. 16, Resp.) Movant filed a Reply on February 15, 2018. (Doc. 21, Reply.)

Movant's Motion is timely. Movant's sentences were affirmed on February 29, 2016. *See Castro-Ponce*, 637 F. App'x 428. The Supreme Court has held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). The time for seeking review to the Supreme Court (if no petition for rehearing has been filed in the lower court) expires "90 days after entry of judgment," which is from the "date of entry or order sought to be reviewed, and not from the issuance date of the mandate[.]" Sup. Ct. R. 13(1), 13(3).

## II. LEGAL STANDARDS AND ANALYSIS

A federal prisoner may seek relief under 28 U.S.C. § 2255 if his sentence was "imposed in violation of the United States Constitution or the laws of the United States, . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When a prisoner moves for post-conviction relief, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a movant files timely objections to the report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.*; *see also United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (stating that the district court is not required "to review, de novo, findings and recommendations that the parties themselves accept as correct").

### A. Ground One: Ineffective Assistance of Counsel – Representation at Trial

Movant advances multiple claims alleging ineffective assistance of counsel. To prevail on an ineffective assistance claim, a movant must show that (1) counsel's

representation fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the second prong, a movant must affirmatively prove prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### 1. Failure to Object to Comments on Movant's Silence

#### a. Agent Garcia

Movant argues that counsel provided ineffective assistance by failing to object "when a Government agent [Agent Garcia] testified in front of the jury that [Movant] invoked his Fifth Amendment right to remain silent." (Mem. at 12.) Post-*Miranda* warnings, a suspect may invoke his right to silence at any time during questioning, and that silence may not be used against him at trial (including impeachment). *Hurd v. Terhune*, 619 F.3d 1080, 1087 (9th Cir. 2010). Here, Agent Garcia commented on Movant's refusal to answer questions after Movant had invoked his right to remain silent, and Movant's counsel should have objected. Counsel's representation fell below the standard of objective reasonableness.

However, the Court agrees with the Report and Recommendation that Movant fails to satisfy the second prong of *Strickland*. *See* 466 U.S. at 694–96. The statement made by Agent Garcia was in isolation, was not invoked by the prosecutor, and, ultimately, the weight of the evidence against Movant was compelling. *See Castro-Ponce*, 585 F. App'x at 577–78; (*see also* CRDoc. 198 at 244–45). Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

#### b. Closing Argument

Movant contends that during the closing argument, the prosecutor "emphasized to the jury many things that [Movant] did not tell agents, after agents specifically told him he

could remain silent," and "affirmatively used [Movant's] post-*Miranda* silence against him during closing arguments." (Mem. at 5, 15.)[2] The Report and Recommendation, however, correctly reiterates that the prosecutor was not referring to Movant's invocation of silence, but highlighting the inconsistencies between Movant's post-*Miranda*, pre-invocation-of-silence-statement, "I'm guilty," and the innocent explanations for his actions Movant offered at trial. (Resp. at 40; R. & R. at 7.) Counsel did not provide ineffective assistance by failing to object. *See United States v. Ochoa-Sanchez*, 676 F.2d 1283, 1286 (9th Cir. 1982) (permitting argument comparing defendant's statements because the "jury must determine whether to believe the version of events to which the defendant testifies at trial or the version he revealed to the police when arrested"). Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

### 2. Failure to Object to Wiretapping Testimony

Movant argues that counsel provided ineffective assistance by failing to object when the prosecutor engaged in a lengthy discussion concerning the process for obtaining a wiretap authorization, thereby projecting the inference of a "judicial stamp of approval" on the evidence. (Mem. at 16.) "Improper vouching typically occurs in two situations: (1) the prosecutor places the prestige of the government behind a witness expressing his or her personal belief in the veracity of the witness, or (2) the prosecutor indicates that information not presented to the jury supports the witness's testimony." *United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002). In the context of wiretap evidence, improper vouching occurs where the government witness "discuss[es] at length the process involved in obtaining a wiretap authorization," thereby implying "that many government attorneys and a federal judge ha[ve] decided that the [defendant] is guilty." *United States v. Brooks*, 508 F.3d 1205, 1211 (9th Cir. 2007).

The Court agrees with the Report and Recommendation, that even if counsel *should*

---

[2] For the relevant except of the prosecutor's closing argument, see CRDoc. 200 at 29–30.

have objected, there was ultimately no prejudice. (R. & R. at 8.) Movant does not demonstrate that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been favorable to him. *Strickland*, 466 U.S. at 694; *see also United States v. Sarkisian*, 197 F.3d 966, 990 (9th Cir. 1999) ("[E]ven if the prosecutor's statement was improper vouching, we will reverse only if the error was not harmless.") (citing *United States v. Edwards*, 154 F.3d 915, 923 (9th Cir. 1998)). The Report and Recommendation details the myriad reasons why Movant cannot successfully demonstrate prejudice, and Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See* R. & R. at 10; *see generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

### 3. Agents Believed Movant was a Bad Guy

Movant first argues that counsel should have objected when a prosecution witness testified that "every phone call a bad guy makes isn't about bad stuff." (Mem. at 25; CRDoc. 195 at 52.) Next, Movant argues that counsel should have objected when a prosecution witness testified that agents "believed" Movant was guilty. (Mem. at 26; CRDoc. 195 at 59.) Counsel did not provide ineffective assistance by failing to object to either statement. With respect to the first statement, the witness was attempting to explain the minimization of phone calls to the jury—namely, that it was inappropriate to intercept phone calls unrelated to the investigation. (CRDoc. 195 at 52–54.) With respect to the second statement, the witness was permissibly stating, based on his own perceptions, his opinion of Movant's role in the drug trafficking organization in a manner that was helpful to the jury and did not require specialized knowledge. *See United States v. Torralba-Mendia*, 784 F.3d 652, 661 (9th Cir. 2015). And, because the prosecutor did not use the witness's opinion during the closing argument, that single reference was not ultimately prejudicial under *Strickland*. *See* 466 U.S. at 694–96. Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this

claim of Ground One.

### 4. Reference to David Ochoa-Lugo as a Methamphetamine Supplier

Movant argues that counsel provided ineffective assistance by failing to object when a prosecution witness testified that David Ochoa-Lugo[3] "was a supplier of methamphetamine." (Mem. at 26–28.; CRDoc. 195 at 57; CRDoc. 196 at 87–88.) Movant maintains that "were it not for [such] testimony . . . the jury would have been unable to conclude that the wiretap conversations concerned drug-trafficking." (Mem. at 28.) Counsel maintains that failing to object to the witness's abovementioned characterization of Mr. Ochoa-Lugo was a strategy.[4] The Court agrees. Counsel's tactical decision to focus solely on the defense of his client was reasonable. *Bashor v. Risely*, 730 F.2d 1228, 1241 (9th Cir. 1984) (stating that tactical decisions do not amount to ineffective assistance simply because "[w]ith the benefit of hindsight we know that this strategy was incorrect"). Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

### 5. References to the "Castro Drug Trafficking Organization"

Movant argues that counsel provided ineffective assistance by failing to object when the prosecutor referred to the "Castro drug trafficking organization" on six separate occasions during the questioning of a witness. (Mem. at 28–30.) The references to the "Castro drug trafficking organization" were permissible because they furthered the prosecution's goal of distinguishing between two trafficking organizations. (Mem. at 29; R. & R. at 13.) And regardless, whether counsel objected or not, the trial court had wide discretion to admit such evidence. *See United States v. Espinosa*, 827 F.2d 604, 613 (9th Cir. 1987). The Court concludes that counsel's failure to object did not constitute

---

[3] Mr. Ochoa-Lugo was the target of one of the wiretaps (as well as an unindicted co-conspirator). (Mem. at 27.)

[4] Counsel sought to demonstrate that Movant did not know Mr. Ochoa-Lugo as a drug dealer, but as a former elementary or middle school classmate with whom Movant had engaged in *legal* business dealings, and, because of such dealings, to whom Movant was indebted. (Resp., Ex. F at 4.) Counsel therefore felt that it would not hurt Movant's defense if the prosecutor attempted to paint Mr. Ochoa-Lugo as a drug trafficker. (*Id.*)

ineffective assistance. Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

### 6. Failure to Object to Prosecution's Closing Argument

Movant argues that counsel provided ineffective assistance by failing to object at various points during closing argument.

#### a. Characterization of David Ochoa-Lugo

During closing argument, the prosecutor argued that Movant agreed that Mr. Ochoa-Lugo "was a drug trafficker."[5] (Mem. at 31.) Movant counters that because there is no evidence indicating that he agreed to such a characterization of Mr. Ochoa, the prosecutor "made a demonstrably false statement of fact." (*Id.*) Movant neglects to mention that jurors were specifically instructed that counsel's arguments were solely intended to help them interpret the evidence. (Resp., Ex. G at 7.) For the same strategy-related reasons discussed in Section II.A.4, the Court concludes that counsel's failure to object did not amount to ineffective assistance. Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

#### b. Characterization of "TJ"

Movant argues that the prosecutor falsely claimed that "TJ," an acquaintance of Movant, was a meth dealer. (Mem. at 32.) Movant argues that counsel should have objected to such "vouching." (*Id.* at 33.) The Report and Recommendation details the evidence admitted at trial that "TJ" was involved in drug trafficking. (*See* R. & R. at 15; *see also* Resp., Ex. K at 6 (a ledger containing an entry, "TJ = 11"); CRDoc. 199 at 129–31 (describing the evidence suggesting "TJ Beltran" was involved with drug trafficking).) Counsel did not provide ineffective assistance by failing to object to the prosecutor's characterization of "TJ." Movant does not address the Report and Recommendation's

---

[5] The prosecutor stated: "Now David Ochoa-Lugo, as Agent Murphy testified and as the defendant admitted, was a drug trafficker." (CRDoc. 200 at 16.) The government does not successfully cite to any statement where Movant appears to admit as much. (Resp. at 41 (citing CRDoc. 199 at 107–08).)

conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

### c. Guilt by Association Argument

Movant argues that the prosecutor made a "guilt by association" argument when she "insinuated that Mr. Castro-Ponce was guilty because he rode motorcycles with a pair of purportedly unsavory characters." (Mem. at 34.) Movant, however, fails to account for relevant Ninth Circuit law: proof of prior association between alleged co-conspirators is admissible to demonstrate the alleged association at issue, and as circumstantial evidence that they acted in concert. *See United States v. Conners*, 825 F.2d 1384, 1390 (9th Cir. 1987). Counsel did not provide ineffective assistance by failing to object to the prosecutor's abovementioned argument. Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

### 7. Suspicion of Movant's Criminal Activity

Movant argues that counsel provided ineffective assistance by eliciting "damaging testimony" from an agent monitoring Movant's activity, who suspected that he was "moving cocaine or methamphetamine." (Mem. at 35; CRDoc. 197 at 24.) Yet Movant neglects to cite the agent's subsequent testimony—also elicited by counsel—which revealed that "not a single phone call was intercepted related to cocaine." (*Id.*) This line of questioning was designed to "loop back into the defense theory that the government lacked any objectivity and without any proof they were going to prove [Movant] of moving cocaine." (Resp., Ex. F at 4.) As discussed above, simply because a tactical decision made by counsel does not result in a favorable outcome does not mean that counsel provided ineffective assistance. Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

### 8. Impeachment by Contradiction

Movant argues that counsel provided ineffective assistance by failing to object to

an agent's rebuttal testimony that was designed to impeach Movant's testimony [where Movant denied on cross-examination that he had engaged in drug transactions with two alleged co-conspirators] by contradiction. (Mem. at 36.) Counsel did not provide ineffective assistance because the evidence at issue was admissible to rebut Movant's trial testimony.[6] *See, e.g.*, *United States v. McCollum*, 732 F.2d 1419, 1426 (9th Cir. 1984) ("A trial court has broad discretion to admit or exclude rebuttal or surebuttal evidence."). Movant does not address the Report and Recommendation's conclusion regarding this claim in his Objections. (*See generally* Obj. to R. & R.) The Court adopts the Report and Recommendation with respect to this claim of Ground One.

**B.     Ground Two – Ineffective Assistance of Counsel: Failure to Obtain Interpreter**

Movant alleges that counsel's failure to obtain the services of a second interpreter gives rise to an ineffective assistance claim. (Mem. at 48.) Movant argues that during the jury trial, "[he] could not communicate . . . with his attorney" because an interpreter was not seated at counsel table. (*Id.*; *id.* at 52.)

"A criminal defendant who relies principally upon a language other than English has a statutory right to a court-appointed interpreter when his comprehension of the proceedings or ability to communicate with counsel is impaired. 28 U.S.C. § 1827(d)(1) [Court Interpreters Act]." *United States v. Lim*, 794 F.2d 469, 470 (9th Cir. 1986). In a criminal case, the requirements of the Court Interpreters Act (the "Act") are satisfied "if an interpreter is by the defendant's side 'continuously interpreting the proceedings.'" *Id.* (quoting *United States v. Tapia*, 631 F.2d 1207, 1209 (5th Cir. 1980)).

By Movant's own admission, "[d]uring trial, [he] was always provided with a Spanish interpreter so that [he] could understand witnesses and what was being said in court." (Mot., Ex. 3 at 3.) Movant takes issue with the presence—or rather, absence—of an additional interpreter at counsel table. (*Id.*; Mem. at 47–53.) According to Movant, apart from a few notes, he was unable to communicate with counsel during the six-day trial

---

[6] The agent testified that Movant was "[co-conspirator]'s source of supply for narcotics." (CRDoc. 131 at 6.)

regarding important matters such as voir dire, witness testimony, Movant's decision to testify (as well as his subsequent testimony), and his alleged sleep deprivation. (*See* Mot., Ex. 3 at 3–4; Mem. at 52–53.) Movant argues that the Act limits a party's ability to waive his right to an interpreter, and that waiver may only occur where the requirements for doing so are met.[7] (Obj. to R. & R. at 3.)

Movant is not wrong. But what Movant's quotation and subsequent analysis leaves out is that while there was no second interpreter, there certainly was *an* interpreter present during the trial proceedings. (*See id.*) The continuous presence of that interpreter, among other actions taken by counsel detailed in the Report and Recommendation, more than satisfy the Act.[8] Movant thus fails to show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "objective reasonableness standard" does not demand best adherence to best practices—or even adherence to common custom. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Lim*, 794 F.2d at 471 ("[T]he appropriate use of interpreters in the courtroom is a matter within the discretion of the district court.").

Here, Movant does not allege an inability to understand court proceedings or communicate with counsel during the trial itself.[9] Movant alleges that he was unable to

---

[7] "A party may waive that statutory right if, and 'only if,' (1) the waiver is made 'expressly on the record' by the party, (2) 'after opportunity to consult with counsel,' (3) the presiding judge has explained to the party 'the nature and effect of the waiver,' and (4) the waiver is approved by the presiding judge." *United States v. Murguia-Rodriguez*, 815 F.3d 566, 569 (9th Cir. 2016) (quoting 28 U.S.C. § 1827(f)(1)).

[8] "[Movant] agrees that a court interpreter translated the entire proceedings at trial for Movant. [Movant] agrees that 'during legal visits, [counsel] always brought a Spanish-speaking interpreter with him to the prison.' [Movant] agrees that he had a notepad during trial so that he could exchange notes with his attorney if he wished to do so. [Movant] also agrees that the court interpreter was called over during some court recesses so that [Movant] and counsel could confer. (*Id.*) [Movant] does not allege that counsel failed to use an interpreter during a trial break when requested. Instead, he stated that counsel 'gave me blank notebook paper and told me to write down any notes to him during trial.'" (R. & R. at 19 (citations omitted)).

[9] Movant argues that he "did not remain silent throughout the trial and then later assert a claim of inadequate translation," and that "counsel dismissed [his] concern outright and inappropriately relied on notes Movant wrote in Spanish." (Obj. to R. & R. at 2; *see also* Mot., Ex. 3 at 4 ("I . . . recall after voir dire (Day 1) asking [counsel] how much it would cost to hire an interpreter to be at counsel table . . . and that if it wasn't too much money, I could try to get my family to pay for the cost. [He] told me it was not necessary, and then gave me blank notebook paper and told me to write down any notes to him during trial.").)

communicate with counsel in the manner of his choosing. (*See* Obj. to R. & R. at 2.) In his Declaration, counsel asserts that "[d]uring trial, [his] focus is on the witnesses, the judge, and the prosecutor. If [he] listen[s] to the client while a witness (judge or prosecutor) is speaking, [he will] miss[] what the speaker stated." (Resp., Ex. F at 5.) He further notes that he met, assisted by a Spanish-speaking interpreter, with Movant twice between the second and third days of trial, where he and Movant discussed Movant's decision to testify, Movant's testimony, as well as the trial itself. (*Id.* at 5–6.) Because it "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance," the Court concludes that counsel did not provide ineffective assistance in declining to procure a second interpreter. *Strickland*, 466 U.S. at 689. Movant's objections are overruled, and the Report and Recommendation is adopted with respect to Ground Two.

### C. Evidentiary Hearing

Under 28 U.S.C § 2255, the Court shall hold an evidentiary hearing on a movant's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" The standard for holding an evidentiary hearing is whether the movant has made factual allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). Here, the Court determines that an evidentiary hearing is unnecessary because the record conclusively shows that Movant's counsel did not provide ineffective assistance either during the trial proceedings, or with respect to the absence of a second interpreter.

## III. CONCLUSION

Having reviewed the record de novo, the Court adopts the Report and Recommendation and denies Movant's Motion. The Court agrees with the Magistrate Judge's conclusion that Ground One and Ground Two fail on the merits, and an evidentiary hearing is not required.

**IT IS ORDERED** overruling the Objections to the Magistrate Judge's Report and Recommendation (Doc. 28).

**IT IS FUTHER ORDERED** adopting the Report and Recommendation of the

Magistrate Judge as the Order of this Court (Doc. 24).

**IT IS FURTHER ORDERED** denying Movant's Request for an Evidentiary Hearing (Doc. 21).

**IT IS FURTHER ORDERED** denying Movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 1).

**IT IS FURTHER ORDERED** denying any Certificate of Appealability because Movant has not demonstrated that jurists of reason would find it debatable whether the Court abused its discretion in denying Movant's Motion, or that jurists of reason would find it debatable whether Movant's Motion states a valid claim for the denial of a constitutional right.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 11th day of December, 2018.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge